Mr. Justice Bay
delivered the opinion of the court:
I have considered these points as well as the arguments of counsel on both sides, and with regard to the 1st ground, 1 am of opinion it is now too late to take that exception, as it might have been taken advantage of in pleading ; either by pleading in abatement to the writ, or by motion to the court to quash the same for informality. But as the defendants took no such exceptions, and suffered judgment to go against them by default, and final judgment to be entered for $ 1980, 5 cents, they are now precluded from that advantage; for the law is clear that even on a writ of error a man shall not be permitted to assign for error that which he might have pleaded in abatement. Carlh. 134, 1 Bac. tdbr. 19, same doctrine is laid down. In 3 Lord Raym’d. 853, in a case upon a sci. fa. upon a judgment, it was laid down by the whole court, that where a matter which was pleadable in the original action is not taken advantage of by pleading, he shall not avail himself of it upon a sci. fa. ; for the plaintiff being admitted to be able to recover judgment, he cannot be disabled from having his execution upon it, by matter precedent to the judgment, 3 Lord Raym’d, 853, which appears to me to be directly in point upon the present case. So in like manner, if a feme covert bring an action in her own name, per attornatum, and defendant plead in bar to the action, he shall never afterwards assign coverture for error; from all which I infer it is too late to take advantage of that defect.
As to the second ground, ££ that there was nothing to amend by,” I am of opinion that there was matter of record to amend the subsequent proceedings by; for judgment had been entered up in the former action for $ 1980, 5 cents, which remained unsatisfied; so that when the action was brought upon this judgment, it must have been a mere mistake of the attorney or person who filled up the writ, not to have inserted damages enough to have covered the debt and damages: besides, there was an action of debt on record, for a sum in numero, where the damages *51 were merely nominal, unless by way of increase for the detention of the debt with the costs ; and therefore it does not appear to me to be so essential to the justice of this case, as in an action sounding altogether in damages. But admitting it to be requisite, as appears by the order of the Constitutional Court in may last, I am of opinion it is still amendable in favour of the right and justice of the case.— This doctrine of amendments has latterly liberalized the proceedings of our courts exceedingly. In order to come at the real merits and justice of every case, “ formerly, as Mr. BlacJestone says, in 3d vol. 407, the suitors were much perplexed by writs of error, brought upon very slight and trivial grounds, as misspellings and other mistakes of clerks and the like, which might be amended at common law, while the proceedings were in paper. But when the record was once made up, it was formerly held that no amendment could be permitted ; but now the courts have become more liberal, and where justice requires it, will allow of amendments at any time, while the suit is depending, ’till judgment is given. And it is to be recollected, that the suit upon the judgment in this case is still* depending, no final judgment has yet been entered upon it; so that even at common law it is amendable.— This author pursuing the same subjept, 3 BUe. 407, goes on and says, “but when judgment is once given and enrolled, no amendment was admitted at any subsequent term by the common law. By the statutes of Jeofails, however, amendments are allowed to be made whenever any slip or o.versight is discovered in the proceedings at any stage. These statutes are, as Mr. BlacJestone says, many in number, (and they are of force in this country,)' and are too minute to be taken notice of further than by referring to them; by which all trifling exceptions are guarded against and corrected, and the proceedings are allowed to be amended agreeably to the very right of the matter. These 'statutes are no less than twelve in number, and by them, seconded by the Judges of a, more liberal cast, Mr. BlacJestone says, page 411,f that, all this un~ *52 seemly degree of slrickncss lias been eradicated. And in 2 Cromp. 437, it is said, that after verdict no judgment shall be stayed or reversed for any defect or fault in form or substance in any bill, writ original or judicial, for any variance in such writ, from the declaration or other proceedings. In 1 Will. 7, an amendment was allowed to bo made to a declaration, by inserting £ 8,000 instead of £ 800. From all these authorities, and the reasoning.upon the subject, 1 am of opinion that there was matter sufficient to amend by, and that the plaintiff was well entitled to his amendment.
As to the third and last ground, u that the order cannot be made out of court, in chambers,” I must observe, that it should he recollected our courts are so much pressed for time, that one fourth part of the business can never bedoac in term time. Hence, a great masp of business is usually left unfinished at the end of every term ; not only the trial of issues, but a large proportion of that kind of business which is preparatory fqr trial, and unavnidably necessary to put a finai end to the causes of suitors left unfinished at the end of each term, and which has been partially transacted during the term. Hence, the necessity of the Judges giving their aid in vacation to all that class of cafees of every kind, which the pressing necessity of justice may require at chambers ; and a variety of cases all go to shew that this has long been the practice of the Judges in England. In 2 Burr. 781, it appears that Mr. Justice Dennison, in vacation, made an order “ that a defendant should, within a given time, plead such a plea as he should stand by,” &c.; and it was objected to, as an order which ought not to have been made by a Judge at chambers ; but all the court agreed in justifying the order made by Mr. Justice- Dennison, not only as being rightly made upon the circumstances of the case, but also as being such a one as might properly be made at chambers. In the celebrated case of the King against Wilkes, where all the doctrine upon this point is most fully and ably argued ; where Lord Mansfield ordered the infor *53 ination to be amended at chambers, by striking out the word “ purport” and inserting the word “ tenor,” it was observed, in the argument of the case, that that was a criminal proceeding ; but Lord Mansfield says, in 4 Bur. 2567, that there never was any distinction between criminal and civil cases. His Lordship then goes on and says, that as to the amendment at chambers,, it is most certainly the practice — “ non constat,” when it begun, but it seems to have been since out of mind, and the business of the .court could not be done without it. It is the most irksome business of a Judge, but it is grc’atly for the benefit of the subject, and tends to the advancement of justice. It arises from the .overflowing of the business of the court, which cannot all be done in court, or in term time. Mr. Justice Aston concurred with Lord Mansfield; he says, as to making the order at chambers, the practice of the court has always been so ; the business done is become an immense load upon the Judges, and is extremely troublesome ; bufr it is the practice, the custom of the court, and therefore part of the law of the land. Mr. Justice Willes concurred with the other Judges. This authority I considered as the highest in the books upon this last point. It is'relied upon by Tidd. 653, 655 ; by Taunton, 44 ; and an order at chambers, made in the progress of a cause in Carpenter vs. Coleman, in our»own court, was affirmed in the Constitutional Court at Columbia, (2 Bay, 436.) From the best view therefore which I can take of this case, I am of opinion that there are no legal grounds to reverse or set aside the order in chambers ; consequently, that tlTe rule for the motion should be discharged.
Hayne, 'Atty. Gen. for the mtion,
Grimke, contra.
Justices Nott, Huger, Gantt, Richardson, and Johnson, concurred.